**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(NORTHERN DIVISION)**

| | | |
|---|---|---|
| FIDELITY AND GUARANTY LIFE INSURANCE COMPANY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | CCB 02 CV 3769 |
| TAMMY GALLEGOS, *et al.* | : | |
| | : | |
| Defendants. | : | |

## JOINT MOTION REQUESTING ENTRY OF CONSENT JUDGMENT

J. G. Wentworth S.S.C., Limited Partnership and United States Fidelity and Guaranty Company, by their undersigned attorneys, and Tammy Gallegos, *pro se*, hereby jointly move this Court for the entry of a Consent Judgment in the form attached hereto as Exhibit A.

Dated: March 26, 2003                                     Respectfully submitted,

NEUBERGER, QUINN, GIELEN                      GOHN, HANKEY & STICHEL, LLP
 RUBIN & GIBBER


By:_____/s/_____          By:_____/s/_____
   Price O. Gielen                                                   H. Mark Stichel
   One South Street                                                 201 North Charles Street
   27th Floor                                                            Suite 2101
   Baltimore, Maryland 21202                             Baltimore, Maryland 21201
   (410) 332-8550                                                    (410) 752-1658

   Attorneys for J. G. Wentworth S.S.C.,              Attorneys for United States Fidelity and
   Limited Partnership                                            Guaranty Company


   _____/s/_____
   Tammy Lewis
   Formerly known as Tammy Gallegos
   293 Baker Drive.
   Supply, NC 28462
   (910) 842-6120
   *Pro Se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| FIDELITY AND GUARANTY LIFE<br>INSURANCE COMPANY, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO.<br>CCB 02 CV 3769 |
| TAMMY GALLEGOS, *et al.* | : | |
| Defendants. | : | |

## CONSENT JUDGMENT

This is an interpleader action brought by Fidelity and Guaranty Life Insurance Company ("F&G Life"), pursuant to 28 U.S.C. §§ 1335, 1397, and 2361, to determine the respective rights of J. G. Wentworth S.S.C., Limited Partnership ("Wentworth"), Tammy Gallegos, now known as Tammy Lewis ("Gallegos"), and United States Fidelity and Guaranty Company ("USF&G") (collectively the "Interpleader Defendants") to receive payments under F&G Life Annuity Policy No. I640934 (the "Annuity").

USF&G purchased the Annuity to fund its obligation to make periodic payments to Gallegos pursuant to a Release and Settlement Agreement between Gallegos and Tilghman Tap Room, Inc., d/b/a The Spanish Galleon Tap Room, Harold G. Worley and Chris Gay, dated on or about December 23, 1992 (the "Release").

By Order dated November 21, 2002, the Court dismissed F&G Life from the case with prejudice, but providing that F&G Life could seek its attorneys' fees and costs, and ordered the Interpleader Defendants to plead and pursue their claims among themselves in connection with their respective rights and claims to the Annuity payments. Since the entry of the Court's Order of March 7, 2001, F&G Life has made all payments due under the Annuity into the Registry of the Court.

All Interpleader Defendants have been properly served with process.

Upon the joint Motion of Wentworth, Gallegos, and USF&G, it is this ____ day of March 2003 ORDERED:

1. That pursuant to the Court's authority under 28 U.S.C. § 2361:

a. Gallegos, and anyone claiming any interest derived in any way from her, is permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, USF&G, Tilghman Charters, Inc., d/b/a The Spanish Galleon Tap Room, Harold G. Worley, Chris Gay and/or Wentworth based upon the Settlement Agreement, the Annuity, or the purchase agreement between Wentworth and Gilmore dated February 13, 1998 and all amendments and agreements related thereto (the "Purchase Agreement");

b. Wentworth, and anyone claiming any interest derived in any way from it, is permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, USF&G, Gallegos, Tilghman Charters, Inc., d/b/a The Spanish Galleon Tap Room, Harold G. Worley, and/or Chris Gay based upon the Settlement Agreement, the Annuity, or the Purchase Agreement;

c. USF&G, and anyone claiming any interest derived in any way from it, is permanently enjoined from continuing or ever bringing any action or making any claim against F&G Life, Wentworth, and/or Gallegos based upon the Settlement Agreement, the Annuity, or the Purchase Agreement; and

d. F&G Life, and anyone claiming any interest derived in any way from it, is permanently enjoined from continuing or ever bringing any action or making any claim against USF&G, Wentworth, and/or Gallegos based upon the Settlement Agreement, the Annuity, or the Purchase Agreement;

2. That Gallegos hereby forfeits any claims that she had or may ever have to the Annuity payments that have been paid into the Registry of the Court, and to all future Annuity payments made to Wentworth pursuant to this Consent Judgment.

3. That 10% of the interest earned on the funds deposited into the Registry of the Court shall be retained by the Court as its Registry fee.

4. That F&G Life's attorneys' fees and expenses in the amount of $2,566.00 shall be paid from the monies in the Registry of the Court.

5. That Gallegos shall be paid the sum of $1,500.00 from the monies in the Registry of the Court.

6. That Wentworth shall be paid all remaining monies in the Registry of the Court.

7. That F&G Life shall thereafter pay to Wentworth future monthly payments under the Annuity up through and including the payment due January 15, 2016. Upon receipt of each monthly payment, Wentworth shall pay to Gallegos the sum of $300.00. In addition, F&G Life shall pay to Wentworth the lump sum of $15,000.00 due under the Annuity on January 15, 2008, the lump sum of $20,000.00 due under the Annuity on January 15, 2013, the lump sum of $25,000.00 due under the Annuity on January 15, 2018, and the lump sum of $50,000.00 due under the Annuity on January 15, 2023. All payments shall be made to Wentworth at the following address:

> 40 Morris Avenue
> Bryn Mawr, PA 19010.

8. That F&G Life shall thereafter make the remaining monthly payments under the Annuity to Gallegos.

9. That Wentworth shall indemnify, defend, and hold harmless F&G Life and USF&G from any claim made or action brought by Gallegos or any other person

(i) for any payments that were due under the Annuity or the Release up to this date; (ii) on account of any Annuity payments that were made to Wentworth, or the Court up to this date; (iii) on account of any Annuity payments that are made Wentworth pursuant to this Consent Judgment; or (iv) for any actions or omissions occurring prior to the date of this Consent Judgment and arising out of or from the Annuity, the Release, or this Action. Wentworth's indemnification shall include all actual attorneys' fees, costs, and expenses incurred by F&G Life and/or USF&G as a consequence of any such claim or action.

10. That F&G Life is released from any liability to USF&G, Wentworth, Gallegos, and/or anyone claiming any interest derived in any way from Gallegos on account of any Annuity payments that F&G Life and/or USF&G may have made to any person or entity prior to the date of this Consent Judgment.

11. That USF&G is released from any liability to F&G Life, Wentworth, Gallegos, and/or anyone claiming any interest derived in any way from Gallegos on account of any Annuity payments that F&G Life and/or USF&G may have made to any person or entity prior to the date of this Consent Judgment.

12. That Wentworth is released from any liability to F&G Life, USF&G, Gallegos, and/or anyone claiming any interest derived in any way from Gallegos on account of any Annuity payments received prior to the date of this Consent Judgment. Wentworth is further released from any liability to Gallegos and/or anyone claiming any interest derived in any way from Gallegos on account of any claims arising out of or related to the Purchase Agreement.

13. That Gallegos is released from any liability to F&G Life, USF&G, or Wentworth on account of any Annuity payments received prior to the date of this Consent

Judgment. Gallegos is further released from any liability to Wentworth on account of any claims arising out of or related to the Purchase Agreement.

14. That nothing in this Consent Judgment shall preclude F&G Life, USF&G and/or Wentworth from raising any claim or issue that was raised or could have been raised in the present case, except for issues relating directly to the Release, the Annuity, or the Purchase Agreement, in any pending or future case.

15. That nothing in this Consent Judgment shall preclude any party from bringing an action to enforce the terms of the Consent Judgment.

16. That this Court shall retain jurisdiction over this matter to enforce any and all matters relating to this Consent Judgment.

_____
Catherine C. Blake, Judge
United States District Court
for the District of Maryland

181707